IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LEONARDO CLEMENTE-BERNABE, #16841-021                              PETITIONER

VERSUS                                         CIVIL ACTION NO.  3:14-cv-28-WHB-RHW

WARDEN FISHER                                                      RESPONDENT

MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal.  Petitioner, an inmate at the Yazoo City - Federal Correctional Complex, Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 on January 14, 2014.  As directed, Petitioner paid the filing fee on February 21, 2014.  The Court entered an Order [4] on February 24, 2014, directing Petitioner to file a response concerning the exhaustion of his administrative remedies.  Petitioner filed on March 14, 2014, his Response [5] to that Order [4].  After reviewing the Petition [1] and Response [5], the Court has come to the following conclusions.

**I.      Background**

Petitioner was sentenced in the United States District Court for the Southern District of Georgia for reentry of removed alien in violation of 8 U.S.C. § 1326.  *United States v. Clement-Bernabe*, CR610-032 (S.D. Ga. Mar. 29, 2011).  Petitioner filed the instant Petition [1] for habeas relief pursuant to 28 U.S.C. § 2241 claiming that "the Federal Bureau of Prisons lacks a lawful order of restitution from the District Court to collect from the Petitioner restitution fine during his incarceration." Pet. [1] at 6.  Petitioner goes on to state that he "cannot be force[d] ... to participate in the Inmate Financial Responsibility Program and [the Bureau of Prisons] must place petitioner on no obligation status." *Id*. at 7.

**II.     Analysis**

Petitioner has filed the instant civil action as a request for habeas relief pursuant to 28 U.S.C. § 2241. A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir.1992). Petitioner is claiming that the Bureau of Prisons (BOP) cannot force him to participate in the Inmate Financial Responsibility Program (IFRP) because there is no lawful order of restitution. Pet. [1] at 7. The Court finds that Petitioner's challenge that the BOP is unlawfully requiring Petitioner to participate in the IFRP relates to the execution of his sentence. *See United States v. Diggs*, 578 F.3d 318, 319 (5th Cir. 2009)(citing *United States v. Lott*, No. 05-11180, 2007 WL 1454475, at *1 (5th Cir. 2007)(finding that a challenge to the administration of program by the BOP must be filed under 28 U.S.C. § 2241 and in the district of incarceration). And because the Petitioner is housed in a facility over which this Court exercises jurisdiction when he filed the Petition [1], jurisdiction exists to review his claims. *See Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001); *see also United States v. Gabor*, 905 F.2d 76, 78 (5th Cir. 1990) (holding that, "[t]o entertain a § 2241 habeas petition, the district court must, *upon the filing of the petition*, have jurisdiction over the prisoner or his custodian") (emphasis added).

Before the Court can consider the Petitioner's claims, he must first exhaust the administrative remedies available through the BOP. *See Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994); *see also Mayberry v. Pettiford*, 74 F. App'x 299 (5th Cir. 2003) (stating that there is a judicially-created exhaustion requirement to § 2241 petitions); *see also Lundy v. Osborn*, 555 F.2d 534, 535 (5th Cir.1977) ("[G]rievances of prisoners concerning prison administration should be presented to the Bureau [of Prisons] through the available administrative channels. Only after

such remedies are exhausted will the court entertain the application for relief in an appropriate case.") (citations omitted).  Exhaustion of administrative remedies is required because "judicial review may be facilitated by the agency's development of a factual record, . . . judicial time may be conserved if the agency grants the relief sought, and . . . administrative autonomy requires that any agency be given an opportunity to correct its own errors." *Lee v. Keffer*, No. 07-1873, 2007 WL 4680127, at *4 (W.D. La. Dec. 28, 2007)(citing *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3rd. Cir. 1981)).  The United States Court of Appeals for the Fifth Circuit has recognized that the exhaustion of administrative remedies is required for section 2241 petitions challenging payments made under the IFRP.  *See Diggs*, 578 F.3d at 320.  In the instant civil action, the Court finds that the Petitioner admits that he did not submit a request for administrative remedies.  Pet. [1] at p. 2; Pet'r's Resp. [5].

      While exceptions to the exhaustion requirement exist when the administrative remedies are unavailable, inappropriate for the relief sought, or where the attempt to exhaust the remedies would be futile, the exceptions apply only in "extraordinary circumstances" and the inmate bears the burden of demonstrating that such review would be futile.  *Fuller*, 11 F.3d at 62 (citing *DCP Farms v. Yeutter*, 957 F.2d 1183, 1189 (5th Cir. 1992)).  Petitioner's claim in his Response [5] that he did not filed for administrative remedies because it would "cause delay of this action" and that "BOP will refer this matter to this Court for final resolution" do not meet the "extraordinary circumstances" exception.  *See Castano v. Everhart*, 235 F. App'x 206, 208 (5th Cir. 2007)(finding that a Petitioner's lack of diligence in pursuing his claim does not demonstrate "extraordinary circumstances); *see also Purviance v. Maye*, No. 1:10-cv-255, 2010 WL 3516193, at * 3 (W.D. Tex Sept. 3, 2010)(quoting *Herman v. Wendt*, No. 3:03-cv-1204, 2004 WL 68018,

at * 2 (N.D. Tex. Jan. 13, 2004)(citing *Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989)(finding that "[t]he mere fact that Petitioner believes his administrative review will be denied does not make this remedy futile")).  Petitioner, therefore, does not meet his burden of demonstrating extraordinary circumstances that would warrant a waiver of the exhaustion requirement for his § 2241 petition.

Based on the Petitioner's Petition [1] and Response [5], the Court finds that he does not meet the exhaustion requirement of the available administrative remedies program of the BOP and he also does not establish that there exist extraordinary circumstances excusing such exhaustion requirement.

### III.   Conclusion

Because the Petitioner has not utilized the administrative remedy process available to him, Petitioner has failed to exhaust his administrative remedies within the BOP as set forth in 28 C.F.R. § 542 and required by law.  The instant § 2241 habeas Petition [1], therefore, is dismissed without prejudice.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 16th day of April, 2014.


s/William H. Barbour, Jr.
UNITED STATES DISTRICT JUDGE